CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 2 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAWNA ANN PEFFER, | Civil Action No. 7:05CV00724 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| | By: Hon. Glen E. Conrad |
| EMTECH LABORATORIES, INC., | United States District Judge |
| Defendant. | |

Shawna Ann Peffer brings this action against Emtech Laboratories, Inc. ("Emtech") alleging that Emtech discriminated against her on the basis of gender due to pregnancy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The case was filed in this court on November 28, 2005. The case is currently before the court on the defendant's motion for involuntary dismissal, pursuant to Federal Rule of Civil Procedure 41. For the following reasons, the court will grant the defendant's motion to dismiss.

The plaintiff filed a complaint alleging that Emtech discriminated against her on the basis of gender due to pregnancy. Peffer seeks monetary damages and reinstatement.

The plaintiff's complaint states that she was discharged from her job as a Customer Service Representative and Data Entry Clerk on April 29, 2005. According to the plaintiff, she was told to train another employee to perform her job; after the training was completed, she was terminated.

Defendant Emtech filed a motion for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41 on December 4, 2006. In the motion, the defendant noted that the plaintiff failed file her Initial Disclosures, due on July 31. In addition, the plaintiff did not respond to Emtech's discovery requests and failed to appear for her scheduled deposition. The deadline to complete discovery in this case was December 4. The defendant represents that counsel has made numerous attempts to reach the plaintiff, but the last successful communication with the plaintiff occurred on or about June 8.

On December 7, the court issued a notice, which warned the plaintiff that she had eleven days from the date of the notice to submit any further evidence contradicting, explaining, or avoiding the evidence of the defendant. The notice stated that the plaintiff had to respond in an "appropriate fashion" if she wished to continue the case. It would be assumed that if the plaintiff did not respond to the defendant's motion, she no longer had an interest in the case or she agreed with the defendant's positions. In underlined print, the notice stated: "if the plaintiff does not file some response within the eleven (11) day period, the court will dismiss the case for failure to prosecute." The plaintiff did not respond to the defendant's motion within eleven days.

In addition, the court scheduled and noticed a hearing on the defendant's motion to be held on December 21, 2006. The plaintiff failed to appear for the hearing.

In this case, the pro se plaintiff received "a reasonable safeguard when confronted with the possibility of summary disposition of [her] case." Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The notice issued by the court clearly stated that the case would be dismissed if the plaintiff did not respond within eleven days. As the plaintiff failed to do so, all claims against Emtech will be dismissed for failure to prosecute.

2

Case 7:05-cv-00724-GEC    Document 18    Filed 12/22/06    Page 2 of 3    Pageid#: 110

## CONCLUSION

The plaintiff has failed to prosecute her claim against Emtech. For the reasons stated above, the plaintiff's claim will be dismissed without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 22 day of December, 2006.

*/s/ Glen E. Conrad*
United States District Judge

3

Case 7:05-cv-00724-GEC   Document 18   Filed 12/22/06   Page 3 of 3   Pageid#: 111